IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Jan Eldar Borrud,

Petitioner,

vs.

Charles L. Ryan, et al.,

Respondents.

No. CV-15-08043-PHX-SPL

**ORDER**

Before the Court is Petitioner Jan Eldar Borrud's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Honorable Judge James F. Metcalf, United States Magistrate Judge, has issued a Report and Recommendation ("R&R") (Doc. 41), recommending that the petition be denied. Petitioner has objected to the R&R (Doc. 53) and moved to stay this action and hold it in abeyance (Doc. 50). For the reasons that follow, the Court accepts and adopts the R&R, and denies the petition and motions.

## I. Background

On May 10, 2007, Petitioner was indicted on four counts of sexual conduct with a minor, four counts of child molestation, and two counts of sexual abuse of a minor in the Coconino County Superior Court, Case No. CR2007-0429. (Doc. 14-1, Exh. C.) Petitioner was found guilty by a jury on all charges. (Doc. 14-5, Exh. UU.) On July 23, 2008, Petitioner was sentenced to a twenty-year term of imprisonment for each count of sexual conduct with a minor; a seventeen-year term for each count of child molestation; and a five-year term for each count of sexual abuse. The sentencing court set forth a

scheme under which certain sentences would run concurrent with others. (*See* Doc. 14-5, Exhs. ZZ, HHH.)

Petitioner timely filed a notice of appeal, and appellate counsel filed an opening brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that he had searched the record on appeal and found no question of law that was not frivolous (Doc. 14-5, Exh. CCC). Petitioner filed a *pro per* supplemental brief. (Doc. 14-1, Exh. DDD.) The Arizona Court of Appeals directed supplemental briefing on whether the convictions for child molestation and sexual conduct with a minor violated double jeopardy (Doc. 31-1, Exh. ZZZZ), and Petitioner's counsel filed a supplemental brief (Doc. 14-5, Exh. EEE). In a memorandum decision, the appellate court vacated the convictions and sentences imposed for the four convictions for molestation of a child and affirmed Petitioner's remaining convictions and sentences. (Doc. 14-5, Exh. HHH); *State v. Borrud*, 2009 WL 1883931, at *1 (Ariz. Ct. App. Jun. 30, 2009). Following the denial of a motion for reconsideration, Petitioner sought review by the Arizona Supreme Court, which was summarily denied on April 27, 2010. (Doc. 14-5, Exh. KKK.)

Petitioner timely initiated post-conviction relief proceedings pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. Appointed counsel filed a notice with the trial court stating that he was unable to find any colorable issue or claim to raise in the proceeding. Petitioner filed a *pro per* petition (Doc. 14-5, Exh. NNN) and motion for leave to file a lodged 176-page petition (Doc. 14-5, Exh. OOO). The state moved to strike the 176-page petition, arguing that it unnecessarily exceeded the permissible page limits. (Doc. 14-5, Exh. QQQ.) The request was denied and the lodged petition was stricken. (Doc. 14-5, Exhs. XXX, YYY.) Petitioner filed a *pro per* Rule 32 petition, which was summarily denied. (Doc. 14-5, Exhs. ZZZ, BBBB.) Following the denial of a motion for reconsideration, Petitioner sought review by the Arizona Court of Appeals, the Arizona Supreme Court, and United States Supreme Court; all summarily denied review.

During the pendency of his first Rule 32 proceeding, Petitioner filed a Petition for Special Action with the Arizona Court of Appeals. The petition was summarily denied.

The appellate court denied a motion for reconsideration and transferred his petition for review to the Arizona Supreme Court. That petition was summarily denied. (Doc. 38, Supp. Exhs. A-E.)

On March 30, 2015, Petitioner filed a timely federal habeas petition in this Court, raising nine grounds for relief. (Docs. 1.) Respondents filed a limited answer (Doc. 14), and submitted supplemental discovery (Docs. 21, 25, 31, 38). Petitioner filed a 120 page Reply (Doc. 35), and a 25 page motion for evidentiary hearing (Doc. 27).

Following review, the Magistrate Judge issued a 46 page Report and Recommendation (Doc. 41) in which he denied the motion for evidentiary hearing, and recommended that the petition be dismissed with prejudice. The Magistrate Judge found that Petitioner had failed to fairly present and exhaust his claims in Grounds One through Five and Seven through Nine, and the claims were procedurally defaulted. He further found that Petitioner had failed to show cause and prejudice or actual innocence to excuse the procedural default of those claims. He also found that Ground Six failed on the merits, in that Petitioner had failed to show that prejudice resulted from the multiplicitous indictment.

## II. Standard of Review

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b)(1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a petitioner is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and

the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

**III. Discussion**

**A. Objection to the R&R**[1]

"Petitioner objects to each of the Magistrate Judge's findings and recommendations which would, if accepted by the District Court, lead to dismissal of the Petition or denial of the Writ of Habeas Corpus." (Doc. 53 at 4.) In his 98 page objection, of which 73 pages is comprised of briefing, Petitioner specifies six categories of objections: (1) "Objection to 'Factual Background' (Doc. 41, at 1-2)"; (2) "Objection to 'Proceedings at Trial' (Doc. 41, at 3-5)"; (3) "Objection to 'Challenges to Indictment' (Doc. 41, at 3)"; (4) "Objection to 'Proceedings on Direct Appeal' (Doc. 41, at 5-6)"; (5) "Objection to 'Proceedings on Post-Conviction Relie[f]' (Doc. 41, 6-8)"; and (6) "Objections to 'Exhaust, Procedural Default and Procedural Bar' (Doc. 41, at 11-43)." (Doc. 53.)

Petitioner's objection is not "proper." A proper objection to an R&R requires specific objections. Here, the objection is almost a complete reiteration of the issues that were addressed in detail by the Magistrate Judge. To the extent Petitioner cites particular portions of the R&R, those citations are not specific objections - they are mere introductory conduits to untethered arguments. In fact, the Court can only decipher two portions of the R&R to which Petitioner does not categorically object to, in that Petitioner did not broadly cite to 5 pages - the Magistrate Judge's procedural summary of the instant habeas proceeding (Doc. 41 at 9-10), and the finding as to Ground Six (Doc. 41 at 44-46).

The inherent purpose of the specificity requirement is judicial economy, which is defeated by an objection that effectively seeks *de novo* review of the entire R&R. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Reyna-Tapia*, 328 F.3d at 1121. In other words, by objecting "to each and every adverse finding by the Magistrate Judge in the

[1] Petitioner's second amended objection (Doc. 53) has been treated as the operative filing, and supersedes his prior incomplete objections (Docs. 45, 49).

Report and Recommendation" (Doc. 53-1 at 23), Petitioner's objection serves to have the same effect as if Petitioner had failed to object entirely. As a result, the Court has no obligation to review Petitioner's objections to the R&R, and could summarily adopt it in full. *See Thomas*, 474 U.S. at 149; *Gutierrez v. Flannican*, 2006 WL 2816599, at *2 (D. Ariz. Sept. 29, 2006) (general objections to the R&R "are tantamount to no objection at all."). Nevertheless, the Court has considered Petitioner's objection and reviewed *de novo* the R&R's conclusions.

First, the Court agrees with the R&R's finding that, with the exception of Ground Six, Petitioner did not exhaust his claims in state court. In short, in order to satisfy the exhaustion requirement, Petitioner's federal claims must have been *fairly presented* to the Arizona Court of Appeals on direct appeal or his post-conviction relief proceedings, or have been *actually considered* by the state courts. As addressed in the R&R in detail, that did not occur here. A return to state court would be futile; the time has passed to seek post-conviction relief in state court under Ariz. R. Crim. P. 32.4(a), and his claims would be precluded from review under Ariz. R. Crim. P. 32.2 because they could have been raised on direct appeal or in prior post-conviction proceedings. The R&R discussed that Petitioner has not shown that he satisfies any of the exceptions to the timeliness or preclusion rules. *See* Ariz. R. Crim. P. 32.4(a) and 32.2(b) (citing the exceptions listed in Ariz. R. Crim. P. 32.1). Petitioner does not seek to present any new evidence or law, nor does he raise a claim of actual innocence. *See* Ariz. R. Crim. P. 32.1(e), (g), (h). As a result, Petitioner's unexhausted claims are procedurally defaulted.

The Court also agrees with the R&R that Petitioner does not establish "cause and prejudice" to excuse the procedural default of his claims, nor that his argument challenging the sufficiency of the evidence falls within the "fundamental miscarriage of justice" exception. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (discussing "cause" and "prejudice") *overruled on other grounds by Martinez v. Ryan*, 132 S. Ct. 1309 (2012); *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (discussing "fundamental miscarriage of justice"). Petitioner argues in his objection that the procedural default

should be excused due to his *pro se* status, the state court's improper rejection of his oversized petition, and the ineffective assistance of counsel he received at trial, on appeal, and in post-conviction relief proceedings. However these contentions were correctly addressed by the Magistrate Judge. Petitioner's objections are rejected.

Lastly, the Court concurs with the R&R's finding that Petitioner's exhausted double jeopardy claim in Ground Six fails on the merits. Petitioner claims in Ground Six that his double jeopardy rights were violated by his prosecution under an indictment that included counts on both the greater offense of sexual conduct with a minor and the lesser included offenses of child molestation, founded upon the same conduct.[2] On appeal, the state court rejected this claim citing to *Ohio v. Johnson*, 467 U.S. 493, 500 (1984), which held that "the State is not prohibited by the Double Jeopardy Clause from charging respondent with greater and lesser included offenses and prosecuting those offenses in a single trial." Petitioner does not show how this decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

**B. Motion for Stay and Abeyance**

Next, Petitioner has filed a Motion for Stay and Abeyance (Doc. 44), along with supporting notices (Docs. 55, 56). Therein, Petitioner requests that this action be stayed and his timely habeas petition be held in abeyance while he attempts to present his unexhausted federal claim in Ground One in state court through the adjudication of his "Motion for Writ of Error Coram Nobis Nunc Pro Tunc." This request will be denied.

A district court has limited discretion to stay and hold in abeyance a federal habeas petition containing an unexhausted claim so that the petitioner may return to state court to exhaust it. *See Rhines v. Weber*, 544 U.S. 269, 276-77 (2005); *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016). Here, Petitioner's unexhausted claims are procedurally barred

---

2 As noted in the R&R, the Court observes that this claim is distinct from any claim that his *convictions* violated double jeopardy, which would be rendered moot by the decision of the Arizona Court of Appeals vacating Petitioner's convictions and sentences on the lesser included offenses.

from review and he no longer has state remedies available to consider them. *See Cassett v. Stewart*, 406 F.3d 614, 621, n.5 (9th Cir. 2005). Petitioner's motion for writ is an otherwise entitled successive petition for post-conviction review, which for the reasons above, is precluded. *See* Ariz. R. Crim. P. 32.3; *see also e.g., State v. Bolden*, 2016 WL 4247736 *1 (Ariz. Ct. App. Aug. 11, 2016) (finding superior court properly treated Bolden's "Writ of Coram Nobis—Writ of Error… as a notice of post-conviction relief"); *State v. Gibson*, 2013 WL 709628, *1 (Ariz. Ct. App. Fev. 26, 2013) ("Gibson filed a 'Writ of Coram Nobis, Writ of Error,' which the trial court correctly treated as a successive petition for post-conviction relief."). The stay and abeyance procedure is not appropriate under these circumstances.

**C. Motion for Judicial Notice**

Lastly, Petitioner has filed a "Motion for Judicial Notice Re: Petitioner's Special Action Pleadings" (Doc. 54) asking that the Court take notice of *Westmoreland v. Warden*, 817 F.3d 751, 754 (11th Cir. 2016) in considering whether he exhausted his federal claims by filing a petition for special action. In *Westmoreland*, the Eleventh Circuit's held that "a Georgia extraordinary motion for new trial can be an 'application for State post-conviction or other collateral review'" under 28 U.S.C. § 2244(d)(2). *Westmoreland* is inapplicable, and Petitioner's motion will be denied.

Whether a pending action tolls the statute of limitations is not synonymous with whether the action serves as a proper vehicle for claim exhaustion. In any event, in Arizona, a petition for special action is the equivalent of a petition for writ of mandate, which is not a request for collateral review. *See* Ariz. R. P. Special Actions 1, 17B Ariz. Rev. Stat; *Hardiman v. Galaz*, 58 F.App'x. 708, 710 (9th Cir. 2003); *Meadows v. Jacquez*, 242 F. App'x 453, 455 (9th Cir. 2007). *Cf. Westmoreland*, 817 F.3d at 753-54 (noting that the "Georgia Supreme Court has explained that an extraordinary motion for new trial is one of three ways to 'challenge a conviction after it has been affirmed on direct appeal.'"). As addressed in the R&R, mere presentation of claims in an extraordinary, discretionary proceeding such as the special action is not sufficient for

exhaustion. The state court must have actually considered the claims in the special action proceeding. In this instance, the Arizona Court of Appeals did not do so. (*See* Doc. 38, Supp. Exh. B.)

**IV. Conclusion**

Having reviewed the record as a whole, and finding none of Petitioner's objections have merit, the R&R will be adopted in full. Petitioner's claims in Grounds One through Five and Seven through Nine are procedurally barred from federal habeas review. *See* 28 U.S.C. § 2254(b). Petitioner's remaining claim in Ground Six fails on the merits. *See* 28 U.S.C. § 2254(d). Therefore, dismissal of the petition with prejudice is warranted. Accordingly,

**IT IS ORDERED:**

1. That the Magistrate Judge's Report and Recommendation (Doc. 41) is **accepted** and **adopted** by the Court;

2. That the Motion for Delayed Filing (Doc. 52) is **granted**;

3. That the Motion for Clarification (Doc. 50) is **denied as moot**;

4. That the Motion for Stay and Abeyance (Doc. 44) and the Motion for Judicial Notice (Doc. 54) are **denied**;

5. That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and this action is **dismissed with prejudice**;

6. That a certificate of appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and because jurists of reason would not find the court's assessment of the constitutional claim debatable or wrong; and

7. That the Clerk of Court shall **terminate** this action.

Dated this 21st day of March, 2017.

Honorable Steven P. Logan
United States District Judge